

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 18, 2025.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10295-SMR |
| | § | |
| KYLE JASON MCCARRELL, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

| | | |
|---|---|---|
| KYLE JASON MCCARRELL, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | ADV. PROC. 24-01024-SMR |
| | § | |
| HAYS COUNTY JUSTICE OF THE | § | |
| PEACE, PRECINCT FIVE, SANDRA | § | |
| BRYANT, INDIVIDUALLY, | § | |
| JOINTLY AND SEVERALLY | § | |
| | § | |
| *Defendants* | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**FIRST AMENDED MOTION FOR SUMMARY JUDGMENT**
**(Relates to ECF No. 12)**

On May 3, 2024, Kyle Jason McCarrell (the "Debtor" or "Plaintiff") filed his *Plaintiff's*

1

*Original Complaint* (the "Complaint") at ECF No. 2 initiating this adversary proceeding (the "Adversary Proceeding") against Defendants Hays County Justice of the Peace, Precinct 5 ("Hays County JP5") and Judge Sandra Bryant ("Judge Bryant"), jointly and severally (collectively, the "Defendants").

On June 3, 2024, the Defendants filed an *Answer to the Complaint* (the "Answer") at ECF No. 4. On June 18, 2024, the Defendants filed an *Amended Answer to Complaint* (the "Amended Answer") at ECF No. 7.

On October 17, 2024, the Defendants filed a *Motion for Summary Judgment* (the "MSJ") at ECF No. 11. On October 22, 2024, the Defendants filed *Defendants' First Amended Motion for Summary Judgment* (the "Amended MSJ") at ECF No. 12. Plaintiff did not timely file a written response to the Amended MSJ or appear at docket call on December 11, 2024. *See* L. Rule 7007(b)(2) (stating responses shall be filed no later than 21 days after the filing of a dispositive motion).

The Court considered Plaintiff's Complaint, Defendants' Amended MSJ, any response thereto,[1] and the summary judgment evidence presented and legal arguments asserted. Based on consideration of the foregoing and for the reasons set forth below, the Court finds that Defendants' Amended MSJ should be granted in favor of Defendants because: (1) Plaintiff's claims against Judge Bryant are barred by the doctrine of judicial immunity, and (2) Plaintiff's claims against Hays County JP5 fail as a matter of law because Hays County JP5 is a non-jural entity that cannot be sued or, alternatively, because the claims against Hays County JP5 are barred by governmental immunity.

---

[1] The Plaintiff did not file a response or offer any evidence or legal argument to controvert the Defendants' Amended MSJ.

## I.     Jurisdiction and Venue

This Court has statutory jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 157 and 1334 (a) and (b). This matter is a core proceeding as defined under 28 U.S.C. §§ 157(b)(2)(A) and (G) because it involves the administration of the estate and alleged violations of the automatic stay. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This Adversary Proceeding is referred to this Court by the Standing Order of Reference entered in this District. All parties consent to the Court's entry of final orders and final judgment. (ECF Nos. 2 and 8). This matter is within the Court's authority and jurisdiction pursuant to the Supreme Court's ruling in *Wellness Int'l Network, Ltd. v. Sharif (In re Sharif)*, 575 U.S. 665 (2015).

## II.     Federal Rule of Bankruptcy Procedure 7052

The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052(a), made applicable to this hearing by Federal Rule of Bankruptcy Procedure 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

## III.     Summary Judgment Standard

Federal Rule of Civil Procedure 56 allows parties to move for summary judgment by "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). Rule 56 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. FED. R. BANKR. P. 7056.

Summary judgment may be granted when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *Id.* At the summary judgment stage of trial

proceedings, the role of the trial judge is not to weigh the evidence and determine the truth of the allegations in question, but rather to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The party that moves for summary judgment bears the burden to establish that its opponent has failed to raise a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

To establish that there is no genuine issue as to any material fact, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992) (en banc). If the crucial issue is one for which the non-moving party will bear the burden of proof at trial, the movant must merely demonstrate that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Id.*

If the movant shows entitlement to summary judgment as a matter of law, the non-movant must bring forth evidence to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). Neither will "only a scintilla of evidence" meet the non-movant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, the non-movant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A non-movant's complete failure to provide proof for an essential element of their case renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. at 323.

4

In ruling on a motion for summary judgment, the court must review all facts and draw all justifiable inferences in the light most favorable to the non-moving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180-181 (5th Cir. 2009). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). Where a defendant properly asserts qualified immunity, the burden shifts to the plaintiff to demonstrate the defendant is not entitled to immunity by showing (1) a violation of an actual constitutional right, and (2) that the right was clearly established at the time of the alleged violation. *Escobar v. Montee*, 895 F.3d 387, 393 (5th Cir. 2018). Whether judicial immunity is implicated or not, the Fifth Circuit has held that the non-movant must submit "significant probative evidence" from which the jury could reasonably find for the non-movant. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).

## IV. Discussion

Plaintiff is an individual residing at 2428 Green Meadows Lane, Buda, Texas 78610 (the "Property").

Defendant Judge Bryant is an individual serving as the Justice of the Peace Precinct 5, located in Buda, Texas. *See* Exhibit A attached to Defendants' Amended MSJ.

Defendant Hays County JP5 is a governmental entity also located in Buda, Texas. *See* Exhibit A attached to Defendants' Amended MSJ.

Judge Bryant has served as the duly elected Justice of the Peace for Hays County JP5 since January 2023. In that capacity, her judicial duties include, but are not limited to, presiding over civil cases where the amount in controversy is $20,000 or less, traffic cases, Class C misdemeanor cases, and landlord and tenant disputes. *See* Exhibit A attached to Defendants' Amended MSJ.

In February and March 2024, Plaintiff was a party to two landlord-tenant matters pending

in Hays County JP5 involving an "Eviction Case" and a "Repair & Remedy Case". *See* Case No. F24-029J5, *Sphere Realty v. McCarrell*, in the Justice of the Peace, Precinct 5 of Hays County, Texas (the "Eviction Case"); Case No. R24-001J5, *McCarrell v. Sphere Realty*, in the Justice of the Peace, Precinct 5 of Hays County, Texas (the "Repair & Remedy Case"). Judge Bryant was originally assigned these cases in Hays County JP5. However, after Plaintiff filed this Adversary Proceeding, Judge Bryant recused herself and a visiting judge was assigned to the Eviction Case and the Repair & Remedy Case. *See* Exhibit A attached to Defendants' Amended MSJ.

On March 21, 2024, Plaintiff filed for chapter 7 bankruptcy in this Court. *See* ECF No. 2 in Bankr. Case No. 24-10295. On May 21, 2024, Sphere Realty obtained an Order from this Court granting relief from the automatic stay and allowing the parties to proceed to trial on matters involving the lease agreement on the Property. *See* ECF No. 32 in Bankr. Case No. 24-10295.

The Plaintiff's Complaint alleges four claims for relief: (1) violation of the automatic stay; (2) intentional infliction of emotional distress; (3) negligence per se; and (4) violation of the Texas Property Code (the "TPC"). These claims stem from alleged misconduct by the Defendants before and during Plaintiff's chapter 7 bankruptcy case. In the Complaint, Plaintiff requests a $25,000.00 punitive damages judgment, a $50,000.00 damages judgment for emotional and physical harm, and any additional relief deemed proper against the Defendants.

The Defendants filed an *Amended Motion for Summary Judgment* under Federal Rule of Civil Procedure 56(a)[2] which asserts that Plaintiff's claims are barred by: (1) judicial immunity; (2) Defendant Hays County JP5's status as a non-jural entity; and (3) governmental immunity.

**A.  Judge Bryant is entitled to Judicial Immunity.**

First, the Defendants argue that all of Plaintiff's claims against Defendant Judge Bryant

---

[2] As incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7056.

are barred by the doctrine of judicial immunity, the Eleventh Amendment, and the Texas Tort Claims Act. This Court agrees.

Defendants state that Plaintiff's allegations arise out of, or relate to, Defendant Judge Bryant's alleged acts or omissions in her capacity as the duly elected Justice of the Peace of Hays County Precinct 5. Defendants cite the Fifth Circuit, stating "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity is absolute immunity, extending to acts performed by the judge in error, maliciously, and even in excess of her authority. *Burnett v. Denman*, 368 F. App'x 603, 604 (5th Cir. 2010) (citing *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)). Absolute judicial immunity is overcome only when it is shown that the actions are nonjudicial or undertaken in the "clear absence of all jurisdiction." *Harry v. Lauderdale Cty.*, 212 F. App'x 344, 347 (5th Cir. 2007). "Judicial acts are those that are normally performed by a judge and that affect parties who dealt with the judge in [their] judicial capacity." *Id.* (citations omitted).

Defendants argue that the duties of a judge encompass all alleged acts which Plaintiff uses to support his claim. These allegations include setting a hearing, issuing an Order for Mediation, entering an Order Vacating the Referral to Meditation, and denying a motion. Accordingly, Defendants state all of Plaintiff's alleged claims involve duties of a judge and therefore are barred by judicial immunity. Defendants reject Plaintiff's tort claims against Judge Bryant as well, arguing that such negligence claims are barred by the Eleventh Amendment's grant of sovereign immunity to the states and citing dicta from *Hughes v. Savell*, 902 F.2d 376, 378-79 (5th Cir. 1990); *see Poullard v. Turner*, 184 F.3d 815 (5th Cir. 1999) ("[W]hen a plaintiff accuses a state official of violating state common law when acting in the course and scope of their employment,

the Eleventh Amendment prevents him from raising the claim in federal court."). Defendants further state that while the Texas Tort Claims Act waives governmental immunity in certain scenarios, the Act does not waive immunity for claims against individuals who are sued for actions that took place in the course and scope of their employment. *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009).

Based on the evidence presented and the applicable case law, the Court finds that Defendants have proven that all of Plaintiff's claims against Judge Bryant fail as a matter of law and summary judgment is awarded in favor of Judge Bryant and against the Plaintiff.

**B.      Hays County JP 5 is a Non-jural Entity.**

Second, the Defendants argue that all of Plaintiff's claims against Defendant Hays County JP5 fail as claims against a non-jural entity. This Court agrees.

Under the Federal Rules of Civil Procedure, a party must have the capacity to be sued. FED. R. CIV. P. 17(b). Defendants contend that federal courts have uniformly held that Texas courts are non-jural entities that cannot be sued. *Marshall v. Abbott*, 2022 WL 671009 at *4 (E.D. Tex. 2022); *Fleming v. Sixth Dist. Ct. of Lamar Cnty.*, 2020 WL 8299710 at *2 (E.D. Tex. 2020); *Perez v. Dallas Cnty. Cts.*, 2020 WL 7049159 at *2 (N.D. Tex. 2020).

Based on the evidence presented and the applicable case law, the Court finds that Defendants have proven that Hays County JP 5 a non-jural entity and summary judgment is awarded in favor of Hays County JP 5 and against the Plaintiff.

**C.      Alternatively, even if Plaintiff's claims against Hays County JP5 are construed as claims against Hays County, Texas, the claims are barred by Governmental Immunity.**

Third, the Defendants argue that even if the Court construes the claims as against Hays County, Texas, Plaintiff's claims are still barred by governmental immunity. "Sovereign immunity

8

and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability from money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Under sovereign immunity, the State cannot be sued without consenting. *Coryell Cnty. v. H&S Perryman Ranch, LLC*, 2024 WL 48201 at *2 (Tex. App.— Waco 2024). Governmental immunity grants similar protection as sovereign immunity to counties. *Id*. Even if the State has undisputed liability, it is immune from suit unless the Texas Legislature expressly waives immunity. *Id*. at *3. Defendants argue that Plaintiff's claims against Hays County JP5 do not fall within any express waiver of Hays County's governmental immunity. Defendants state Plaintiff's negligence claim also does not fall within the Texas Tort Claims Act. *Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). This Court agrees.

Based on the evidence presented and the applicable case law, the Court finds that Defendants have proven that Hays County JP 5 is entitled to governmental immunity and summary judgment is awarded in favor of Hays County JP 5 and against the Plaintiff.

## V.    CONCLUSION

Based on the evidence presented and the foregoing analysis, the Court finds that Defendants have proven that they should be granted summary judgment on all of Plaintiff's claims.

**IT IS THEREFORE ORDERED** that the Defendants' Amended Motion for Summary Judgment is **GRANTED** and all of Plaintiff's claims against Defendants are hereby **DISMISSED.**

In accordance with Federal Rule of Bankruptcy Procedure 7058, the Court will enter a separate final judgment.

# # #